joan\nelsonpleadings\motionjudgmentpleadings1/10/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALIYA NELSON               | CIVIL ACTION     |
| Plaintiff                  |                  |
| vs.                        |                  |
| SELECT FINANCIAL SERVICES, INC. | NO. 05-CV-3473 |
| Defendant                  |                  |

## ORDER

On this ___ day of _____ 2006, and upon consideration of the Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) under Fed.R.Civ.P. 12(c), and the response filed by Defendant, it is hereby ORDERED that said Motion is GRANTED and JUDGMENT as to liability is entered against Defendant Select Financial Services, Inc. in connection with the October 5, 2004 letter sent to Plaintiff. Said letter violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692e.

The matter shall proceed to an assessment of damages and reasonable counsel fees and costs.

_____
, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIYA NELSON<br>　　　　　Plaintiff | CIVIL ACTION |
| vs. | |
| SELECT FINANCIAL SERVICES, INC.<br>　　　　　Defendant | NO. 05-CV-3473 |

### NOTICE OF MOTION
### FOR JUDGMENT ON THE PLEADINGS

Pursuant to Fed.R.Civ.P. 12(c), Plaintiff Aliya Nelson hereby moves the Court to enter Judgment on the pleadings as to liability against defendant Select Financial Services, Inc. in connection with an October 5, 2004 collection letter sent to plaintiff from defendant since said letter violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

The attached Memorandum of Law is filed in support of this Motion.

　　　　　　　　　　　　　　　　　　Respectfully submitted:

Date: January 10, 2006　　　　　　　/s/ *Theodore E. Lorenz (TEL5114)*
　　　　　　　　　　　　　　　　　　CARY L. FLITTER
　　　　　　　　　　　　　　　　　　THEODORE E. LORENZ
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　LUNDY, FLITTER,
　　　　　　　　　　　　　　　　　　BELDECOS & BERGER, P.C.
　　　　　　　　　　　　　　　　　　450 N. Narberth Avenue
　　　　　　　　　　　　　　　　　　Narberth, PA 19072
　　　　　　　　　　　　　　　　　　(610) 822-0781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIYA NELSON<br>Plaintiff<br><br>vs.<br><br>SELECT FINANCIAL SERVICES, INC.<br>Defendant | CIVIL ACTION<br><br><br><br>NO. 05-CV-3473 |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**I.   PROCEDURAL BACKGROUND**

On July 6, 2005, plaintiff Aliya Nelson ("Nelson") filed a complaint against the defendant asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692. The defendant is Select Financial Services, Inc. (hereinafter "Select"), a debt collection firm.

On September 13, 2005, Nelson requested the entry of default as a result of Select failing to answer or otherwise move in connection with the complaint filed against it. (Docket No. 5). Select filed a motion to set aside the entry of default (Docket No. 6), and Nelson responded. (Docket No. 7). On October 12, 2005, this Court vacated the entry of default (Docket No. 8). Select filed an answer on October 12, 2005 (Docket No. 9). An arbitration hearing is currently scheduled for February 23, 2006.

**II.   FACTUAL BACKGROUND**

Defendant Select was a debt collector at all times relevant hereto. (Complaint ¶6 and Answer ¶6). On October 5, 2004, defendant Select sent Nelson a letter seeking to collect a consumer debt alleged due Chestnut Hill Healthcare. (Complaint ¶10 and Answer ¶10). A copy of Select's October 5 letter is attached hereto as Exhibit A and states in pertinent part:

> "You are now being provided ample notice of our intentions after having been previously offered sufficient opportunity to dispute the validity of this debt. **Your having failed to do so verifies the validity of this debt**." (emphasis added).

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt", including as to the character, amount or legal status of a debt. 15 U.S.C. §1692e and §1692e(2)(A). Here, Nelson alleges that Select's statement in its October 5 letter that failing to dispute the alleged debt "*verifies the validity of this debt*", violates the FDCPA. (Complaint, ¶12).

For the reasons set forth herein, plaintiff's motion for judgment on the pleadings should be granted as to liability.

## II.   LEGAL STANDARD

A Rule 12(c) motion to for judgment on the pleadings is generally treated in the same manner as a Rule 12(b)(6) motion to dismiss. *Mele v. Federal Reserve Bank*, 359 F.3d 251, 253 (3d Cir. 2004); *Leaver v. Faumer*, 288 F.3d 532, 535 (3d Cir.2002). A court accepts all well pleaded material allegations of the nonmoving party as true, and views all facts and inferences in a light most favorable to the nonmoving party. *Mele, supra* at 253.

A motion for judgment on the pleadings is properly granted when the moving party establishes that there is no issue of material fact and that she is entitled to judgment as a matter of law. *Id.; Leaver, supra.* at 535. As discussed below, there are no material issues of fact and plaintiff Nelson is entitled to judgment as a matter of law in connection with her FDCPA claims against defendant Select. Consequently, plaintiff Nelson's motion for judgment on the pleadings should be granted as to liability, with the matter to proceed for an assessment of statutory damages and counsel fees.

2

### III.     ARGUMENT

#### PLAINTIFF'S MOTION SHOULD BE GRANTED SINCE DEFENDANT'S LETTER IS FALSE, DECEPTIVE, AND MISLEADING IN VIOLATION OF SECTION 1692e OF THE FDCPA.

The Fair Debt Collection Practices Act was enacted "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir.2000)(citing to *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84)(4th Cir. 1991)).  One of the ways Congress sought to reduce or eliminate abusive debt collection practices was to prohibit a debt collector from sending a false, deceptive, or misleading communication to a consumer. 15 U.S.C. §1692e.  Section 1692e provides specific examples of prohibited conduct, such as falsely representing "the character, amount, or legal status of any debt", 15 U.S.C. § 1692e(2)(A). *See Barlett v. Heibl,* 128 F.3d 497, 500 (7th Cir.1997) ("Disclosures under this section of the FDCPA, as with other sections, must be made in a manner likely to be understood by an 'unsophisticated consumer.'").  Those examples are not exclusive as evidenced by the following statement in the Senate report on the FDCPA:  ". . . this bill prohibits in general terms any harassing, unfair or deceptive collection practice [and] will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." *S.Rep. No. 382*, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S.Code Cong. & Admin. News 1695, 1699, 1702.

A communication from a debt collector to a consumer is interpreted from the perspective of the "least sophisticated debtor". *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) (citing *Baker v. G.C. Services.*, 677 F.2d 775, 778 (9th Cir.1982)).  "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the

3

gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Wilson*, 225 F.2d at 354 (citing to *National Financial Serv., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). *Accord Agosta v. InoVision, Inc.*, 2003 WL 23009357, *7 (E.D.Pa. 2003) (stating that the FDCPA protects all consumers, regardless of naivety, from unfair, abusive, or misleading debt collection practices).

Here, Select sent Nelson a collection letter dated October 5, 2004 which states in pertinent part:

> "You are now being provided ample notice of our intentions after having been previously offered sufficient opportunity to dispute the validity of this debt. **Your having failed to do so verifies the validity of this debt**." (emphasis added). Exhibit A.

That statement is false, deceptive and misleading in violation of the FDCPA since failing to dispute a debt does not verify the validity of a debt alleged due. *See Velderman v. Midland Credit Management, Inc.*, 2005 WL 2405959 *7 (W.D.Mich. Sept. 29, 2005)( the debt collector's statements about the effect of not disputing a debt was "tantamount to saying the legal status of the debt had changed" which is false, deceptive, and misleading in violation of the FDCPA); *Smith v. Hecker*, 2005 WL 894812 *4-5 (E.D.Pa. April 18, 2005)(use of the phrase "the debt will be assessed valid" in a collection letter held to be deceptive and violative of the FDCPA).

Pursuant to 15 U.S.C. §1692g, a debt collector must send a consumer a debt validation notice which states in part that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt <u>will be assumed to be valid by the debt collector</u>." (emphasis added). 15 U.S.C. §1692(a)(3). *See, Wilson, supra* at 354 ("the debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law.") (citing to *Miller v.*

4

*Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991) and S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S.Code Cong. & Admin. News 1695, 1699, 1702). At most, a debt collector can assume a debt valid for collection purposes if a consumer does not dispute it within the 30 day period provided under Section 1692g(a)(3) of the FDCPA. *Smith, supra* at *4 (debt collector can only proceed under the "temporary fiction that the debt is correct."). A consumer's decision not to dispute all or a portion of the debt within that time period "may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. §1692g(c).

The statement in defendant Select's letter, *"Your having failed to [dispute the debt] debt verifies the validity of this debt"*, alters the intended and simple message of Section 1692g(a)(3), i.e. that the collector may just proceed under the assumption or "temporary fiction" that the debt is valid unless disputed within the 30 day time period. 15 U.S.C. §1692g(a)(3). Select's statement conveys to the least sophisticated consumer the message that the debt is verified valid – period, as a result of not disputing it. This alleged verification is very different from an "assumption" solely on the part of a collector. To convey that message to the least sophisticated consumer is false, deceptive, and misleading in violation of Section 1692e and 1692e(2)(A) of the FDCPA.  *See, Velderman, supra*, and *Smith, supra;* 15 U.S.C. §1692g(c).

This case is similar to *Velderman, supra,* in which the defendant's debt collector told plaintiff during a telephone conversation that she **"took responsibility for the debt since she didn't dispute it within 30 days of the validation notice."** *Id.* at *4 (emphasis added). Plaintiff moved for summary judgment against the defendant claiming that defendant's statement was false, deceptive and misleading in violation of the FDCPA. The court agreed and held that the debt collector's statements about the effect of not disputing a debt was "tantamount to saying the

5

legal status of the debt had changed" and was "a misrepresentation . . . to make a debtor believe that he is legally responsible for the debt simply because the debtor failed to dispute the debt under §1692(g)." *Id.* at *7.

The *Velderman* court, in concluding that the defendant debt collector violated §1692e, stated that "[a] person's failure to respond to a debt validation letter does not even give rise to a presumption under the law that he is liable on the debt." *Id* at *8. The court further stated that "the debt validation process is not intended to change the legal burden if the matter is taken to court . . . the debt collector cannot use the debtor's inaction as an admission of liability . . . and the burden to prove the debt claimed remains on the debt collector." *Id.* at *7. Similarly, in this matter, Select's October 5, 2004 letter stating that Nelson's alleged failure to dispute the debt "verifies" the alleged debt is "tantamount to saying the legal status of the debt had changed", which is false, deceptive, and misleading in violation of the FDCPA. Thus, just as the letter in *Velderman* violated Section 1692e of the FDCPA, Select's October 5, 2004 letter to Nelson violates Section 1692e and Section 1692e(2)(A) of the FDCPA.

In another case, *Smith v. Hecker*, 2005 WL 894812 (E.D.Pa. April 18, 2005), the statement at issue was: "unless you, the consumer, within thirty days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assessed valid." *Id* at *1 (emphasis added). The court agreed that the use of the word "assessed" was deceptive because it could "confuse or deceive the least sophisticated consumer into believing that the debt will be deemed valid by some entity of authority . . ." *Id* at *4-5.

In reaching that conclusion, the court discussed the different meanings of the words "assumed" and "assessed". The court found that the use of the word "assumed" only allowed the debt collector to "proceed under the temporary fiction that the debt is correct as stated in the

6

validation notice", whereas the word "assessed" meant "[to] ascertain; fix the value of", which conveyed to the least sophisticated consumer that an entity such as a court, credit reporting agency or other authority would consider the debt valid or valued at a specified amount. *Id* at *4-5. The same result is reached in this matter.

Here, Select states that failure to dispute the debt *"verifies the validity of this debt"*. (Exhibit A). The word "verify" as defined in Webster's Dictionary, Tenth Edition (1993) means: "to confirm or substantiate in law by oath [;] to establish the truth, accuracy, or reality of". Clearly, the least sophisticated consumer reading Select's letter could easily believe that an entity like a court, credit reporting agency or some other authority would now deem the alleged debt "confirmed", "substantiated", "accurate", or "valued at a specified amount". *See Greer v. Shapiro & Kreisman,* 152 F.Supp.2d 679, 684 (E.D. Pa. 2001)("A collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."). The failure to dispute an alleged debt does not have any legal impact. Congress did not intend such a result when it required debt collectors to give consumers 30 days to dispute an account: "Congress included these debt validation provisions to guarantee that consumers would receive adequate notice of their rights under the law." *Velderman, supra* at *2 (citing to *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000)).

## IV.   CONCLUSION

As discussed above, from the perspective of the least sophisticated debtor, defendant Select's letter of October 5, 2004 violates the FDCPA as a matter of law because it creates a false, deceptive, and misleading characterization of the alleged debt. Consequently, plaintiff

7

Nelson's motion for judgment on the pleadings as to liability should be granted.

                Respectfully submitted:

Date:  January 10, 2006

*/s/Theodore E. Lorenz (TEL5114)*
CARY L. FLITTER
THEODORE E. LORENZ
Attorneys for Plaintiff

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781

# EXHIBIT "A"

PO Box 1070
Jenkintown, PA 19046-7370

Return Service Requested

## Select Financial Services, Inc.

Mail: P.O. Box 1070, Jenkintown, PA 19046-7370
Fax: (215)881-7715; Phone: (215)881-7757; (800)213-5900
Hours M-Th 8-8, F 8-5, Sa 9-12 EST

RE: CHESTNUT HILL HEALTHCARE
Acct #: ▓▓▓▓▓▓▓
File #: ▓▓▓▓▓
For: NELSON, ALIYA
Balance Due: 814.80

Oct 5, 2004

ALIYA NELSON
121 W POMONA ST
PHILA, PA 19144-1915|212

Select Financial
PO Box 1070
Jenkintown, PA 19046-7370

Dear ALIYA NELSON

As you have failed to respond in any reasonable manner to us regarding our formal demands for payment of the above debt, we are now recommending to our client the following:

1. We assign this account to our collector for direct contact with you;

2. Thereafter, if necessary, they contact an attorney to pursue further collection efforts;

3. That the failure to satisfy this obligation now be reported to the appropriate credit reporting bureaus.

You are now being provided ample notice of our intentions after having been previously offered sufficient opportunity to dispute the validity of this debt. Your having failed to do so verifies the validity of this debt. We now offer you a final opportunity to satisfy this debt within the next ten (10) days; otherwise the actions described above will take place.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Very truly yours,

Select Financial Services, Inc

CD3                                                                                                                  3038 - 220

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIYA NELSON<br>        Plaintiff<br><br>vs.<br><br>SELECT FINANCIAL SERVICES, INC.<br>        Defendant | CIVIL ACTION<br><br><br><br>NO. 05-CV-3473 |

**CERTIFICATE OF SERVICE**

I, Theodore E. Lorenz, hereby certify that on January 10, 2006, I electronically filed the within Motion for Judgment on the Pleadings, along with a Memorandum of Law, with the Clerk of Court using the CM/ECF system, with a copy sent by first class mail, postage prepaid, to:

Edwin M. Matzkin, Esquire
The Pavilion, Suite 534
P.O. Box 626
Jenkintown PA 19046

Said document is available for viewing and downloading from the ECF system.

Date: January 10, 2006                          */s/ Theodore E. Lorenz (TEL5114)*
                                                THEODORE E. LORENZ