IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALIYA NELSON | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF | ) | |
| | ) | No. 05-CV-3473 |
| V. | ) | |
| | ) | |
| SELECT FINANCIAL SERVICES, INC. | ) | |
| | ) | |
| DEFENDANT | ) | |

**<u>ORDER</u>**

On this _____ day of _____, 2006, and upon consideration of the Plaintiff's Motion for Judgment on the Pleadings under Fed.R.Civ.P. 12(c), and the response filed by Defendant, it is hereby ORDERED that said Motion is DENIED.

The matter shall proceed to arbitration as scheduled.

_____, U.S.D.J.

Edwin M. Matzkin, Esquire
The Pavilion, Suite 534
P.O. Box 626
261 Old York Road
Jenkintown, PA 19046
(267) 763-0126

ATTORNEY FOR DEFENDANT
SELECT FINANCIAL SERVICES,
INC.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIYA NELSON )<br>)<br>      PLAINTIFF )<br>)<br>V. )<br>)<br>SELECT FINANCIAL SERVICES, )<br>INC. )<br>)<br>      DEFENDANT )<br>)<br>) | CIVIL ACTION<br><br>No. 05-CV-3473 |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

I.   PROCEDURAL BACKGROUND

On July 6, 2005, Plaintiff Aliya Nelson ("Nelson") filed her complaint against the Defendant, Select Financial Services, Inc. ("Select"), which complaint was served on July 18, 2005. Said complaint alleged a technical violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. by the Defendant, a debt collection company.

After settlement negotiations broke down and Defendant failed to respond, Plaintiff sought and received a Default. Defendant moved to set aside Default which motion was granted. Defendant answered the Complaint on October 12, 2005. An arbitration hearing is scheduled for February 23, 2006.

II.     FACTUAL BACKGROUND

On December 2, 2003, Defendant's client Chestnut Hill Healthcare forwarded Plaintiff's file for collection. An initial contact letter was sent to Plaintiff on December 3, 2003 containing the validation of debt language as required pursuant by the FDCPA at 15 U.S.C. § 1692g. See Exhibit A, attached hereto and made a part hereof. Having received no response, Defendant sent its second and final letter to Plaintiff on October 5, 2004. See Exhibit B, attached hereto and made a part hereof.

Plaintiff's counsel has interpreted a sentence in the October 5, 2004 letter as false, deceptive and misleading which Defendant strongly denies. Since the case turns on the interpretation of a writing, there is an issue of material fact and Plaintiff cannot be entitled to judgment as a matter of law.

III.    LEGAL STANDARD

The standards governing motions under Federal Rule of Civil Procedure 12(c) are well known. A motion for judgment on the pleadings is governed by the same standards as a motion to dismiss under Rule 12(b)(6). Such motions permit a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted. In making its ruling, the court must accept as true all well-pleaded allegations of the nonmoving party as true and must view all facts and inferences in a light most favorable to the nonmoving party." *Mele v. Federal Reserve Bank*, 359 F.3d 251,253 (3d Cir. 2004). While evaluating Plaintiff's complaint, the court may not credit any "bald assertions." *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997) and may not accept as true legal conclusions or unwarranted factual inferences. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To avoid summary judgment a nonmovant must produce more than a scintilla of evidence to support its position that a genuine issue of material fact exists and must set forth specific facts that demonstrate a genuine issue of triable fact. Ultimately summary judgment is appropriate only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

As discussed below, the instant case turns upon the interpretation of a writing which is clearly a material issue of fact and therefore plaintiff Nelson is not entitled to judgment on the pleadings.

IV.  ARGUMENT

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). Congress enacted the FDCPA "to eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy…[and] to guarantee that consumers would receive adequate notice of their rights under the law." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) *citing* S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8 *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699, 1702. However, the FDCPA "was not intended to penalize honest debt collectors." *Higgins v. Capitol Credit Servs., Inc.*, 762 F. Supp. 1128, 1134-35 (D. Del. 1991) *citing* S. Rep. No. 382, 95th Cong., 1st Sess. 1-2, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 ("[FDCPA's] purpose is to protect consumers…without imposing unnecessary restrictions on ethical debt collectors."); 15 U.S.C. § 1692(e) (2004) ("It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged…").

The parties do not dispute that Select was attempting to collect a debt from Nelson, nor do they dispute that Select is a debt collector as defined by the FDCPA.

Notices to debtors are to be interpreted from the prospective of the least sophisticated debtor. The " 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.' " This standard comports with basic consumer-protection principles as follows:

> [t]he basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This

standard is consistent with the norms that the courts have traditionally applied in consumer-protection law…

*Wilson*, 225 F.3d.

"Thus, although this standard protects naïve consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354-55.

The validation notice required by 15 U.S.C. § 1692g must tell the debtor that she has thirty (30) days to dispute the validity of all or a portion of the debt. If a debtor does not dispute the debt within thirty (30) days of receiving a validation notice from the debt collector, a debt collector may assume the debt to be valid. *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). However, failure "to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." §1692(c). The letter and statement in question in the instant case does not indicate or imply that any court has construed the validity of the debt, but only that, pursuant to §1692g(a)(3), the debt collector has assumed the validity of the debt. The two letters sent to the Plaintiff by Defendant must be reviewed and interpreted together for reasonableness and compliance with the statute. The letter in question merely reflects the assumption of the debt collector/sender and to read more into it than clearly exists is the "bizarre or idiosyncratic interpretations" warned against in *Wilson*, above.

The statement "Unless we hear from you within thirty (30) days after receipt of this letter disputing the claim, federal law provides that this debt will be assumed to be valid and owing" reflected the statutory requirements of §1692g(a)(3) of the FDCPA. *McCabe v. Crawford and Co.*, 272 F.Supp.2d 736, 745 (N.D. Ill 2003).

The statement "if no written demand is made, the collector may assume the debt to be valid," was found acceptable in *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197 (9th Cir. 1999).

In the instant case, the collector's intent was only to advise the debtor of its position. That statement does not speak for any court nor does it change the status of the debt in any way. The statement is not false, deceptive or misleading to the debtor and does not report or change the character, amount or legal status of the debt. A reasonable

debtor would be unlikely to misinterpret the statement. The only interpretation of the statement is that the debt will be deemed to be valid for collection purposes by the debt collector.

V. CONCLUSION

From the above discussion, Defendant Select's letter of October 5, 2004 does not violate the FDCPA as a matter of law and does not create a false, deceptive or misleading characterization of the debt. Therefore, Plaintiff Nelson's motion for judgment on the pleadings must be denied.

Date: January 23, 2006

Respectfully submitted,
/s/ Edwin M. Matzkin
Edwin M. Matzkin, Esquire
Attorney for Defendant
The Pavilion, Suite 534
P.O. Box 626
261 Old York Road
Jenkintown, PA 19046

Exhibit "A"

PO Box 1070
Jenkintown, PA 19046-7370

Return Service Requested

# Select Financial Services, Inc.

Mail: P.O. Box 1070, Jenkintown, PA 19046-7370
Fax: (215)881-7715; Phone: (215)881-7757; (800)213-5900
Hours M-Th 8-8, F 8-5, Sa 9-12 EST

RE:
Acct #:
File #:
Balance Due:

Select Financial
PO Box 1070
Jenkintown, PA 19046-7370

Dear,

As a result of an audit of our client's unpaid accounts, we have determined you have an outstanding balance due for medical services provided by the above provider.

Our client expects that you will voluntarily satisfy this debt by remitting the balance in full directly to this office.

In the event you have medical insurance, which should have covered these charges, or the charges are the result of an accident or injury and you are represented by an attorney you must contact this office at 215-881-7757 in the Philadelphia area or at 1-800-213-5900 outside of Philadelphia. We also urge you to contact us if you have any questions regarding your account. In the event we fail to hear from you, one of our collectors will establish contact with you.

This is a communication from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify us in writing within thirty (30) days from the date you receive this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment and mail it to you. In the event that the name of the creditor is different from the original creditor and you, within the thirty (30) day period, in writing, request the name of the original creditor, we will supply this information to you.

Very truly yours,

Select Financial Services, Inc



Automated Payment Options:
You can use our check-by-phone service by calling 800-296-7285.
You can also pay by check at our secure website: www.sfscollections.com. Enter your File Number: 435098 and Zip Code: 02907-2103 and follow the prompts.
Avoid service charges by using our automated payment options!

0H1



3038 - 29

Exhibit "B"

PO Box 1070
Jenkintown, PA 19046-7370

Return Service Requested

# Select Financial Services, Inc.

Mail: P.O. Box 1070, Jenkintown, PA 19046-7370
Fax: (215)881-7715; Phone: (215)881-7757; (800)213-5900
Hours M-Th 8-8, F 8-5, Sa 9-12 EST

Oct 5, 2004

RE: CHESTNUT HILL HEALTHCARE
Acct #: ███████
File #: ████
For: NELSON, ALIYA
Balance Due: 814.80

ALIYA NELSON
121 W POMONA ST
PHILA, PA 19144-1915|212

Select Financial
PO Box 1070
Jenkintown, PA 19046-7370

Dear ALIYA NELSON

As you have failed to respond in any reasonable manner to us regarding our formal demands for payment of the above debt, we are now recommending to our client the following:

1. We assign this account to our collector for direct contact with you;

2. Thereafter, if necessary, they contact an attorney to pursue further collection efforts;

3. That the failure to satisfy this obligation now be reported to the appropriate credit reporting bureaus.

You are now being provided ample notice of our intentions after having been previously offered sufficient opportunity to dispute the validity of this debt. Your having failed to do so verifies the validity of this debt. We now offer you a final opportunity to satisfy this debt within the next ten (10) days; otherwise the actions described above will take place.

This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Very truly yours,

Select Financial Services, Inc

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALIYA NELSON | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF | ) | |
| | ) | No. 05-CV-3473 |
| V. | ) | |
| | ) | |
| SELECT FINANCIAL SERVICES, INC. | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Edwin M. Matzkin, hereby certify that on January 23, 2006, I electronically filed the within Memorandum in Opposition to Plaintiff's Motion for Judgment on the Pleadings, with the Clerk of Court using the CM/ECF system, with a copy sent by first class mail, postage prepaid, to:

>Theodore E. Lorenz
>450 N. Narberth Ave.
>Narberth, PA 19072

Said document is available for viewing and downloading from the ECF system.

Dated: January 23, 2006

/s/ Edwin M. Matzkin
Edwin M. Matzkin
Attorney for Defendant